UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ODELL HUGHES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14 CV 1594 |
| | ) | |
| SOUTHERNCARE INC. and | ) | |
| PATRICIA PANCNER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on defendant Southerncare Inc. and defendant Patricia Pancner's ("defendants") motion to dismiss plaintiff Odell Hughes's complaint. (DE # 8.) Plaintiff has filed a response to this motion (DE # 9) and defendants have filed a reply (DE # 13). For the following reasons, the court takes that motion under advisement, and grants the parties 30 days in which to respond to the analysis set forth below.

I.     **Facts and Background**

In the analysis section below, the court analyzes whether plaintiff's case should be dismissed on res judicata grounds. Before getting to the facts of this case however, the court must summarize the facts of a different suit plaintiff filed in this district against defendant Southerncare. In July of 2012, plaintiff filed suit against Southerncare in Indiana state court, and that action was removed to this court, where it was assigned to Judge William C. Lee. *See* 3:12-cv-00388. In that suit, plaintiff alleged that he had been

employed by Southerncare for seven years, but was terminated after being accused of committing mileage fraud. (3:12-cv-00388, DE # 25.) Specifically, plaintiff alleged that after a change in management, he was accused of mileage fraud for using a system for calculating mileage that he had used for several years, and which other, white employees had also used. *Id.* He also alleged that those white employees were not disciplined for using the mileage calculation system. *Id.*

In plaintiff's case before Judge Lee, plaintiff argued that his termination violated Title VII, and also brought state law claims of intentional infliction of emotional distress, breach of contract, and defamation. *Id.* Although she was not a named defendant in the case before Judge Lee, Patricia Pancner was noted in the complaint as being the person that accused plaintiff of committing mileage fraud. *Id.* at 8. The last date for amended pleadings in that case was October 31, 2012 (3:12-cv-00388, DE # 23) and discovery closed in January 2014. (3:12-cv-00388, DE # 46). In September of 2014, Judge Lee granted summary judgment in favor of Southerncare (3:12-cv-00388, DE # 82), and the case was closed. The court will refer to plaintiff's suit against Southerncare in front of Judge Lee as *Hughes I*.

In May of 2014, plaintiff brought suit against Southerncare and Patricia Pancner in Indiana state court. (3:14-cv-01594; DE # 4.) After filing an amended complaint (DE # 5), the case was removed to this court. (DE # 1.) In his complaint in the case before the undersigned district court judge, which the court will call *Hughes II*, plaintiff alleges that he worked for Southerncare for seven years. (DE # 5 at 2.) Plaintiff, who is African

American, goes on to allege that in June of 2011, he was disciplined for an incident that involved plaintiff and several non-African American employees. (*Id.* at 2-3.) After the incident, plaintiff was required to stay at home without pay, but the other non-African American employees were not disciplined. (*Id.* at 2.)

In a subsequent conversation with defendant Pancner, plaintiff stated that he was being treated differently because he is African American. (*Id.*) Plaintiff alleges that he was fired after he complained about being treated differently. (*Id.*) Plaintiff was told that he was being fired for poor performance and inappropriate behavior, including mileage fraud. (*Id.*) Although his complaint is not entirely clear, it appears that the incident described above had to do with the way he reported his mileage. (*Id.*) Plaintiff alleges that other non-African American employees reported their mileage in the same way, but were not terminated by Southerncare. (*Id.*)

In *Hughes II*, plaintiff alleges that by firing him but not other non-African American employees that reported their miles in the same manner that plaintiff did, defendants violated 42 U.S.C. 1981. (*Id.* at 3-4.) Defendants have now moved to dismiss plaintiff's complaint. (DE # 8.)

In their motion to dismiss, defendants argue that plaintiff's complaint in this case must be dismissed because plaintiff, by filing two separate lawsuits arising out of the same transaction, has engaged in "claim splitting." (DE # 8 at 2.) "As a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v.*

*Arthur Andersen & Co.,* 3 F.3d 221, 224 (7th Cir. 1993) (citations and quotations omitted). The rule against claim splitting leaves the decision on whether to dismiss a duplicate suit to the discretion of the district court judge. *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011) ("No rule *requires* that district courts dismiss duplicative lawsuits, and we have sometimes suggested that district courts should stay a second lawsuit pending the outcome of an earlier-filed lawsuit addressing the same issues." (emphasis in original)). Plaintiff's case against Southerncare in front of Judge Lee is no longer pending, however, and this court believes that an analysis under res judicata is now more appropriate than analyzing plaintiff's two cases under the doctrine of claim splitting.

Defendants did not make a res judicata argument in their motion to dismiss because *Hughes I* was still pending when the motion to dismiss was filed. (DE # 8 at 4.) After Judge Lee granted summary judgment in favor of Southerncare in *Hughes I*, defendants filed a supplement to their motion to dismiss in this case asking that plaintiff's complaint be dismissed on a res judicata theory. (DE # 18.) The court agrees that res judicata applies to bar plaintiff's claim in *Hughes II*. The court will set out its analysis explaining why it believes that res judicata applies in this case. The court realizes, however, that it may grant summary judgment *sua sponte* "only if [it has] given the affected parties advance notice of their intent to do so and a fair opportunity to respond with argument and evidence." *Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012). Because neither party has briefed the res judicata issue, both parties will be granted 30

4

days from the date of this order in which to file a brief including any argument and evidence they believe is relevant to the court's res judicata analysis set out below.

II. Analysis

"The preclusive effect of a federal-court judgment is determined by federal common law." *Adams v. City of Indianapolis*, 742 F.3d 720, 735 (7th Cir. 2014) (citations and quotations omitted). "The principle underlying res judicata—or claim preclusion—is to minimize the expense and vexation attending multiple lawsuits, conserve[ ] judicial resources, and foster[ ] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011) (citations and quotations omitted). "Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (citations and quotations omitted); *see also Adams*, 742 F.3d at 736.

It is clear that Judge Lee rendered a final judgment on the merits in *Hughes I*. As noted earlier, Judge Lee granted Southerncare's motion for summary judgment in September 2014. (*See* 3:12-cv-00388, DE # 82.) The court will therefore move on to determine whether the disputes in both cases arose from the same transaction.

"[W]hether an 'identity of the cause of action' exists—depends on whether the claims arise out of the same set of operative facts or the same transaction." *Matrix IV*,

5

*Inc.*, 649 F.3d at 547. "This 'transactional' inquiry focuses on whether the claims comprise the same core of operative facts [that] give rise to a remedy." *Id.* (citations and quotations omitted). "Even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Id.* (citations and quotations omitted).

It is clear from the language of the complaints in *Hughes I* and *Hughes II (see* 3:12-cv-00388, DE # 25; 3:14-cv-01594, DE # 5) that both of these suits arise from the "same core of operative facts[.]" *Matrix IV, Inc.*, 649 F.3d at 547. Both suits arise from plaintiff's employment and subsequent termination with Southerncare. *(See* 3:12-cv-00388, DE # 25; 3:14-cv-01594, DE # 5.) Additionally, in both complaints (*see* 3:12-cv-00388, DE # 25 at 2-4; 3:14-cv-01594, DE # 5 at 3-4), plaintiff's primary grievance with his termination has to do with that fact that he was terminated for using an allegedly improper mileage calculation system, while other non-African American employees that also used that same mileage system were not terminated.

In his response to defendants' motion to dismiss, plaintiff points out that there are differences between his suit in *Hughes I* and his suit in *Hughes II*. (DE # 9 at 4-6.) Specifically, plaintiff notes that *Hughes II* has a Section 1981 claim that was not present in *Hughes I*, and that *Hughes II* has an additional defendant - Patricia Pancner. (*Id.*) With respect to plaintiff's argument that *Hughes II* contains an additional claim not contained in *Hughes I*, "[t]he doctrine of [r]es judicata bars not only those issues actually decided in the prior suit, but all other issues which could have been brought." *Matrix IV, Inc.*,

6

649 F.3d at 547 (citations and quotations omitted). There is nothing in plaintiff's complaint in *Hughes II* that indicates that he is basing any of his claims on facts that were unknown to him at the time he was litigating *Hughes I*. In fact, as defendants point out (DE # 8 at 1), plaintiff included a Section 1981 claim in one of the earlier versions of his complaint in *Hughes I*. (*See* 3:12-cv-00388, DE # 5.) Thus, it is clear that plaintiff's Section 1981 claim could have been, and should have been, brought in *Hughes I*.

Finally, the court must determine whether *Hughes I* and *Hughes II* involve "the same litigants (directly or through privity of interest)." *Czarniecki*, 633 F.3d at 548. There were only two parties in *Hughes I* – plaintiff and defendant Southerncare. (*See* 3:12-cv-00388.) In *Hughes II*, however, plaintiff sued two defendants – Southerncare and Patricia Pancner. (*See* 3:14-cv-01594.) Thus, defendant Pancner is an additional party in *Hughes II* that was not a party to plaintiff's suit in *Hughes I*.

Plaintiff's amended complaint in *Hughes II* makes clear that defendant Pancner was employed by defendant Southerncare. (3:14-cv-01594, DE # 5 at 3-4). "Employees acting within the scope of their employment are in privity with their employer." *Perdue v. Carlos*, No. 2:10 CV 35, 2011 WL 2446565, at *1 (N.D. Ind. June 17, 2011); *see also Henry v. Farmer City State Bank,* 808 F.2d 1228, 1235 n. 6 (7th Cir. 1986); *Martino v. McDonald's System, Inc.,* 598 F.2d 1079, 1083 n. 7 (7th Cir. 1979); *Lambert v. Conrad,* 536 F.2d 1183, 1186 (7th Cir. 1976). None of the allegations in plaintiff's complaint in *Hughes II* indicate that Pancner was acting outside the scope of her employment, and Pancner was therefore in privity with Southerncare.

7

In sum, the court concludes that all three elements required for the application of res judicata are present in this case.

## III. Conclusion

The court believes that res judicata is a bar to plaintiff's current suit. Because neither party has fully addressed this issue, however, both parties are **GRANTED** thirty days in which to respond to the analysis set out in this order with any argument or evidence they feel is relevant to the court's analysis. If neither party responds during that thirty-day period, the court will grant summary judgment in favor of defendants.

**SO ORDERED.**

Date: November 18, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT